UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

M.P., a minor, by H.O.P., his
father and next friend,

        Plaintiff,

v.

CENTRAL MINNESOTA
CHRISTIAN SCHOOL, et al.,

        Defendants.

**ORDER**
Civil File No. 06-3485 (MJD/AJB)

_____

        On August 28, 2006, Plaintiff M.P., a minor, by Harold O. Postma, ("Plaintiff") filed a Second Application for a Temporary Restraining Order [Docket No. 5] to restrain Defendants from refusing to certify the eligibility of Plaintiff to participate in Minnesota State High School League ("League") interscholastic soccer games. This Court heard arguments via conference call with Harold O. Postma and attorneys for Defendants the Central Minnesota Christian School ("School") and the League. As discussed below, the Motion for Temporary Restraining Order is denied.

        Under Federal Rule of Civil Procedure 4(h) and Minnesota Rule of Civil Procedure 4.03(c), "[s]ervice on a corporation is accomplished by delivering a copy of the complaint to an officer, managing agent, or any other agent expressly

or impliedly designated to receive service." Alholm v. American Steamship Co., 144 F.3d 1172, 1176 (8th Cir. 1998) (footnote and citation omitted).  When the plaintiff "submitted no evidence that the individual who signed the return mail receipt was of suitable age, and it cannot be presumed that the individual was qualified to receive or 'deliver' service," service upon the corporation is ineffective. Id.

Plaintiff has not shown that Defendants were effectively served.  He has submitted no evidence as to whether individuals qualified to receive service at either the School or the League were served with this motion.

Even assuming service was effective, the threshold issue to be addressed is whether Plaintiff has standing to have this Court decide the merits of this action. Article III of the Constitution limits the power of the federal courts to deciding only actual "cases" and "controversies."  U.S. Const., art. III, § 2, cl. 1; Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); Allen v. Wright, 468 U.S. 737, 750 (1984).  In order for a federal court to exercise jurisdiction over a case or controversy, a plaintiff must have standing to pursue the claim.  The doctrine of standing consists of constitutional and prudential requirements.

The constitutional requirements of standing limit federal courts to deciding only cases where the plaintiffs can show a "personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."  Allen, 468 U.S. at 751; Valley Forge Christian Coll. v. Americans

United for Separation of Church & State, Inc., 454 U.S. 464, 472 (1982); Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 38 (1976). In addition to alleging a direct injury, plaintiffs must prove a causal connection between the injury and the conduct subject to complaint and it must be likely, as opposed to speculative, that the injury will be redressed by a favorable decision. Lujan, 504 U.S. at 560. The party invoking federal jurisdiction bears the burden of proving each of these three constitutional elements of standing. Id. at 561.

The Court finds that Plaintiff does not have standing to pursue this action because his injury is not redressable by a favorable decision. A temporary restraining order requiring Defendants to certify Plaintiff to participate in soccer games played by the School would not remedy the injury alleged because Plaintiff is not currently enrolled in the School, or any school. Thus, Plaintiff is not currently subject to either the School or the League's policies and procedures. In fact, because Plaintiff is not enrolled in the School, he has no right to play on the School's soccer team or in any scheduled competitions. Accordingly, Plaintiff has failed to show that his injury is redressable by the requested order.

Even assuming Plaintiff had standing to pursue this action, the Court is not persuaded that it has jurisdiction to issue the requested order. In order to pursue a remedy for a violation of due process rights pursuant to 42 U.S.C. § 1983, Plaintiff must show Defendants acted under color of state law. Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . .

42 U.S.C. § 1983.

The Court doubts that there is federal jurisdiction in this case because neither the League nor the School are state actors for the purposes of a Section 1983 action. The School is a private organization, unaffiliated with the State of Minnesota. The Minnesota State High School League is a voluntary, nonprofit association of public and private schools that neither solicits nor receives any state funding. Although courts have found organizations similar to the League to be sufficiently entwined with state actors to support a finding that state action had occurred, the Court finds that, in this case, Plaintiff has failed to present evidence that the League is a state actor enforcing regulations on the School. See Brentwood Acad. v. Tennessee Secondary Sch. Athletic Assoc., 531 U.S. 924 (2001). To the contrary, the evidence suggests that the School has refused to certify Plaintiff's eligibility to participate in League soccer games because of an alleged violation of the School's policy, and not because the League has taken any action to deprive Plaintiff of his right to due process.

**IT IS HEREBY ORDERED** that

The Motion for Temporary Restraining Order [Docket No. 5] is **DENIED**.

Dated: August 29, 2006               s / Michael J. Davis
                                     Judge Michael J. Davis
                                     United States District Court